1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10   FLOYD DEWAINE SCOTT,                    Case No. CV 21-8309-JVS (KK)

11                          Petitioner,      ORDER SUMMARILY DISMISSING
                                             ACTION WITHOUT PREJUDICE
12              v.

13   R.C. JOHNSON,

14                          Respondent.

15

16

17                                  **I.**

18                        **<u>INTRODUCTION</u>**

19        On October 13, 2021, Floyd Dewaine Scott ("Petitioner") constructively filed[1]

20   a "Motion for Writ of Mandate to Vacate Conviction for U.S. Constitutional

21   Violations" which the Court construes as a Petition for Writ of Habeas Corpus by a

22   Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 challenging his

23   2008 conviction.  On November 2, 2021, the Court issued an Order to Show Cause

24   Why Petition Should Not Be Summarily Dismissed as Second and Successive

25   ("OSC").  On November 15, 2021, Petitioner constructively filed a response to the

26

27   [1]      Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a
     pleading to mail to court, the Court deems the pleading constructively filed on the
28   date it is signed.  <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation
     omitted).

1  OSC.  For the reasons discussed below, the Court summarily DISMISSES this action

2  without prejudice.

3  <center>II.</center>

4  <center>**SUMMARY OF PROCEEDINGS**</center>

5  On June 21, 1999, Petitioner was convicted of assault to commit rape, forcible

6  oral copulation, penetration by a foreign object, and false imprisonment by violence in

7  Los Angeles County Superior Court.  Scott v. Harrington, No. CV 11-5738-GAF

8  (AJW), 2014 WL 3571732, at *1 (C.D. Cal. June 10, 2014), report and

9  recommendation adopted, 2014 WL 3589828 (C.D. Cal. July 18, 2014).[2]  Petitioner

10  was sentenced to state prison for a term of 225 years to life.  Id.

11  On March 21, 2003, Petitioner filed a Petition for Writ of Habeas Corpus by a

12  Person in State Custody ("2003 Petition") pursuant to 28 U.S.C. § 2254 in this Court

13  challenging his 1999 conviction.  Scott v. Lamarque, Case No. CV 03-2003-GAF

14  (AJW), Dkt. 1.  On December 19, 2006, the 2003 Petition challenging his 1999

15  conviction was granted and he was ordered retried or released within ninety days.  Id.

16  at Dkt. 42, Judgment.  On August 29, 2007, the Court, issued an order (a) denying

17  Petitioner's "request" for immediate release; (b) finding respondent "has been diligent

18  in attempting to provide petitioner with a trial" and has not violated the December

19  19, 2006 Judgment; and (c) ordering further requests challenging Petitioner's

20  detention in state custody would not be entertained in the closed case and must be

21  filed as a new habeas petition.  Id. at Dkt. 60.

22  On August 10, 2008, upon retrial, Petitioner was convicted of one count of

23  assault to commit rape, two counts of forcible oral copulation, one count of

24  penetration by a foreign object, and one count of false imprisonment by violence.

25  Scott v. Asuncion, No. CV 16-2973-JVS (AJW), 2016 WL 3583837, at *1 (C.D. Cal.

26

27  _____

[2]  The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts.  FED. R. EVID. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

28

<center>2</center>

June 6, 2016), <u>report and recommendation adopted</u>, 2016 WL 3607156 (C.D. Cal. June 29, 2016).  The jury also found true the allegations that Petitioner tied and bound the victim in the commission of the offenses, had suffered prior felony convictions, and had served a prison term without remaining free of custody for a period of five years.  <u>Id.</u>  Petitioner was sentenced to state prison for a term of 275 years to life.  <u>Id.</u>

Petitioner appealed his 2008 conviction to the California Courts of Appeal, which affirmed the judgment in a reasoned decision on October 28, 2009.  <u>People v. Scott</u>, No. B210946, 2009 WL 3450270, at *1 (Cal. Ct. App. Oct. 28, 2009).

Petitioner then filed a petition for review in the California Supreme Court, which was summarily denied on January 13, 2010.  Judicial Council of California Courts, <u>Appellate Courts Case Information, Docket</u>, https://appellatecases.courtinfo. ca.gov/search/case/dockets.cfm?dist=0&doc_id=1924923&doc_no=S177667&requ est_token=NiIwLSIkTkw3WzBRSSFdVEtJQFw0UDxfJCMuXzxSQCAgCg%3D%3 D (last visited Dec. 2, 2021 3:00 PM).

On July 4, 2011, Petitioner constructively filed a habeas petition in this Court ("2011 Petition") challenging his 2008 conviction and raising the following sixteen claims for relief:

 1. The admission of the victim's preliminary hearing testimony violated Petitioner's right to confrontation.

 2. The trial court abused its discretion by admitting evidence of Petitioner's prior rapes.

 3. Petitioner was denied due process by the admission of evidence of other crimes for the purpose of inferring his propensity to commit the charged offenses.

 4. The state court lacked jurisdiction over Petitioner because it failed to comply with the judgment entered by this Court in Case No. CV 03-2003-GAF(AJW) requiring a retrial within ninety days.

5. Admission of the 911 operator's testimony that the victim said she had been raped deprived Petitioner of his right of confrontation.

6. Petitioner received ineffective assistance of counsel.

7. The prosecutor committed misconduct.

8. Introduction of Petitioner's prior convictions deprived Petitioner of a fair trial and violated the prohibition against double jeopardy.

9. Admission of the prior rape victims' testimony violated Petitioner's plea agreement on the prior rape charges because the agreement prohibited the victims from ever testifying against Petitioner.

10. The trial court violated Petitioner's right to represent himself.

11. Admission of the victim's preliminary hearing testimony violated Petitioner's right to confrontation.

12. Petitioner's sentence after his retrial violated the prohibition against Ex Post Facto laws because it was greater than his sentence after the first trial and it was based upon the Three Strikes Law.

13. The trial court deprived Petitioner of a fair trial by providing the jury with faulty instructions and by answering the jury's question outside of Petitioner's presence.

14. The trial court at the preliminary hearing prevented Petitioner from meaningfully cross-examining the victim and erroneously prevented Petitioner from "going co-counsel."

15. The trial court erroneously admitted evidence of Petitioner's prior convictions before Petitioner testified and was convicted.

16. Petitioner received ineffective assistance of counsel on appeal because appellate counsel failed to raise the issues included in this federal petition.

1   Scott, 2014 WL 3571732, at *3-4; Scott v. Harrington, No. CV 11-5738-GAF (AJW),

2   Dkt. 1.  On July 18, 2014, the Court denied the 2011 Petition on the merits and

3   dismissed the action with prejudice.  Scott, 2014 WL 3589828.

4       On August 3, 2014, Petitioner filed a notice of appeal of the denial of the 2011

5   Petition in the Ninth Circuit.  Scott v. Harrington, No. CV 11-5738-GAF (AJW), Dkt.

6   71.  On March 13, 2015, the Ninth Circuit denied Petitioner's request for a certificate

7   of appealability.  Id. at Dkt. 79.

8       On October 13, 2021, Petitioner constructively filed the instant Petition

9   challenging his 2008 conviction[3] on the following grounds:

10      (1)     Petitioner was not re-tried "within 90 days";

11      (2)     The state court acted in excess of its jurisdiction by "waiv[ing] the 90

12  days time";

13      (3)     Petitioner was not timely arraigned;

14      (4)     Prosecutorial misconduct;

15      (5)     The prosecutors failed to honor Petitioner's 1986 plea agreement; and

16      (6)     Ineffective assistance of trial counsel.

17  Dkt. 1 at 16-17.

18      On November 2, 2021, the Court issued an OSC as to why the Petition should

19  not be dismissed and instructed Petitioner to respond and explain why "the Petition is

20  not a second and successive petition or show[] that the Ninth Circuit has authorized

21  review of this Petition."  Dkt. 5 at 4.

22      On November 15, 2021, Petitioner filed a Response to the OSC arguing the

23  Petition should not be dismissed as second and successive.  Dkt. 6.  Petitioner argues

24  the Petition should have been filed pursuant to the Court's "continuing jurisdiction"

25  _____

26  [3]      On June 19, 2019, Petitioner constructively filed a Petition for Writ of Habeas
    Corpus by a Person in State Custody ("2019 Petition") pursuant to 28 U.S.C. § 2254
27  similarly challenging his 2008 conviction.  Scott v. State of California, CV 19-5737-
    JVS (KK), Dkts. 1, 11.  On September 11, 2019, the Court dismissed the 2019
28  Petition without prejudice because it was second or successive to the 2011 Petition
    and the Court lacked jurisdiction over the claims.  Id. at Dkts. 11, 12.

1    in <u>Scott v. Lamarque</u>, Case No. CV 03-2003-GAF (AJW) because the state court lost

2    jurisdiction to retry him when he was not re-tried within ninety days.  <u>Id.</u>  The matter

3    thus stands submitted.

**III.**

**THE PETITION IS SUBJECT TO DISMISSAL AS**

**SECOND AND SUCCESSIVE**

**A.    APPLICABLE LAW**

8        Habeas petitioners generally may file only one habeas petition challenging their

9    conviction or sentence.  <u>See</u> 28 U.S.C. § 2244(b)(1).  Hence, if a prior petition raised a

10   claim that was adjudicated on the merits, a petitioner must "move in the appropriate

11   court of appeals for an order authorizing the district court to consider the [second or

12   successive petition]."  <u>Id.</u> § 2244(b)(3)(A); <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th

13   Cir. 2009); <u>Goodrum v. Busby</u>, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general

14   principle, . . . a petition will not be deemed second or successive unless, at a

15   minimum, an earlier-filed petition has been finally adjudicated.").  Absent proper

16   authorization from the court of appeals, district courts lack jurisdiction to consider

17   second or successive petitions and must dismiss such petitions without prejudice to

18   refiling if the petitioner obtains the necessary authorization.  <u>Burton v. Stewart</u>, 549

19   U.S. 147, 152-53 (2007); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001)

20   ("When the AEDPA is in play, the district court may not, in the absence of proper

21   authorization from the court of appeals, consider a second or successive habeas

22   application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

**B.    ANALYSIS**

24       Here, the instant Petition challenges the same 2008 conviction that was

25   challenged in the 2011 Petition, which was adjudicated on the merits.  <u>See</u> dkt. 1.

26   Consequently, the instant Petition is second or successive to the 2011 Petition.  As

27   Petitioner has not presented any documentation indicating the Ninth Circuit has

28   issued "an order authorizing the district court to consider the application," the Court

1  lacks jurisdiction over the claims, and the instant Petition is subject to dismissal.  28

2  U.S.C. § 2244(b)(3)(A).

3                                          **IV.**

4                                      <u>**ORDER**</u>

5          Thus, this Court ORDERS Judgment be entered summarily DISMISSING this

6  action without prejudice.

7

8  Dated: December 06, 2021

9                                           _____

10                                          HONORABLE JAMES V. SELNA
                                            United States District Judge

11

12  Presented by:

13

14  _____

15  KENLY KIYA KATO
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28